[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant, Roy Miller, raises one assignment of error in which he contends that the trial court's finding that he is a sexual predator is supported by insufficient evidence. The state had the burden below to prove by clear and convincing evidence that Miller had been convicted of a sexually-oriented offense and that he was likely to engage in one or more sexually-oriented offenses in the future. To sustain its burden, the state presented evidence that Miller committed gross sexual imposition on a child, a recommendation from the Department of Rehabilitation and Correction, and Miller's presentence-investigation report.
The facts of the underlying case, as known by the trial court since it had presided over Miller's trial, were that while several young boys were at Miller's apartment "hanging out" and listening to music, Miller, a twenty-year-old man, threw an eleven-year-old male child on the couch, lay on top of him, fondled the boy's genitals and inserted a finger in the boy's anus. He told the boy that he would "lick the lint from behind [the boy's] balls" and said he wanted to see "how tight [his] ass was" and how far he could insert his finger into the boy's anus. He also attempted to kiss the boy. Miller eventually released the boy. The trial transcript also indicated that Miller had frequently socialized with young boys in his apartment.
Miller's presentence-investigation report showed that Miller had a criminal history that included aggravated menacing, assaults, and escape. There is nothing to demonstrate any attempt by Miller to rehabilitate himself. Recognizing that sexual-predator adjudications must be made on a case-by-case basis,[1] and upon consideration of the factors enumerated in R.C. 2950.09(B)(2), we conclude that there was sufficient evidence for the trial court to find by clear and convincing evidence that Miller is a sexual predator.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman, and Painter, JJ.
[1] See State v. Scott (Sept. 29, 2000), Franklin App. No. 00AP-260, unreported.